McGREGOR W. SCOTT
United States Attorney
AMY SCHULLER HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-058-JAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| ROBERT JOSEPH MAHER, | DATE: April 21, 2020 |
| Defendant. | TIME: 9:15 a.m. COURT: Hon. John A. Mendez |

This case is set for status hearing on April 21, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.       By previous order, this matter was set for status on April 21, 2020.

2.       By this stipulation, defendant now moves to continue the status conference until June 23, 2020 at 9:15 a.m., and to exclude time between April 21, 2020, and June 23, 2020, under Local Code

T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has produced over 14,000 pages of discovery in this case, as well as 5 compact discs containing audio files. This discovery is subject to a protective order (ECF 46) which affects the manner, and therefore speed, in which defense counsel is able to review this lengthy discovery with her client.

b) The parties have continued to meet and confer regarding various issues, including, among other things, the calculation of loss in this case. These communications affect resolution and defense preparation for trial, and have prompted, and will likely continue to prompt, additional points of investigation and research for defense counsel, as well as items to discuss with the defendant.

c) Counsel for defendant desires additional time to review the voluminous discovery, consult with her client, conduct investigation and research related to the charges and resulting from review of the discovery and discussions with the trial, and to otherwise prepare for trial.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel has been encouraged to telework where possible and limit personal contact with others. Thus, it will be difficult, or at least more time-consuming, for counsel to consult with the defendant during the time these restrictions are in place. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of April 21, 2020 to June 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated: March 24, 2020                              McGREGOR W. SCOTT
                                                   United States Attorney


                                                   /s/ AMY SCHULLER
                                                   HITCHCOCK
                                                   AMY SCHULLER
                                                   HITCHCOCK
                                                   Assistant United States Attorney


Dated: March 24, 2020                              /s/ CANDICE L. FIELDS
                                                   CANDICE L. FIELDS
                                                   Counsel for Defendant
                                                   ROBERT JOSEPH MAHER


## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 24th day of March, 2020.


                                                   /s/ John A. Mendez
                                                   THE HONORABLE JOHN A. MENDEZ
                                                   UNITED STATES DISTRICT COURT JUDGE