Candice L. Fields, SBN 172174
CANDICE FIELDS LAW
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Tel:  (916)414-8050
Fax:  (916)790-9450
Email: cfields@candicefieldslaw.com

Attorney for Defendant
ROBERT JOSEPH MAHER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT JOSEPH MAHER,<br><br>Defendant. | Case No. 2:18-CR-00058-JAM<br><br>**STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER**<br><br>Date:   September 29, 2020<br>Time:   9:15 a.m.<br>Judge: Hon. John A. Mendez |

      This case is set for status on September 15, 2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to

/ / /

/ / /

continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507. Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zed*ner emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing Furlow to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the status. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.  By previous order, this matter was set for status on September 15, 2020.

2.  By this stipulation, defendant now moves to continue the status conference until October 27, 2020 at 9:30 a.m. and to exclude time between September 15, 2020, and October 27, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.  The parties agree and stipulate, and request that the Court find the following:

    a)  The government has produced over 14,000 pages of discovery in this case, as well as 5 compact discs containing audio files. This discovery is subject to a protective order (ECF No. 46) which affects the manner, and therefore speed, in which defense counsel is able to review this lengthy discovery with her client.

    b)  The parties continue to meet and confer regarding various issues, including, among other things, the determination of actual and intended loss in this case, which would

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

affect sentencing and restitution determinations.  These communications affect assessment of resolutions and defense preparation for trial, and have prompted additional points of investigation and research for defense counsel, as well as items to discuss with the defendant.

      c) Counsel for defendant desires additional time to review the voluminous discovery, consult with her client, conduct investigation and research related the charges and resulting from review of the discovery and discussions with government, and to otherwise prepare for trial.

      d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e)       The government does not object to the continuance.

      f)       In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the defendant is currently in custody, and counsel's ability to review discovery and confer with her client has been affected by recent public health safety measures which limit personal contact with others.  Additionally, defense counsel's ability to conduct the necessary investigation and research into loss calculation and other issues in preparation for trial has been affected by the public health safety measures and entity closures instituted in recent months in response to the COVID-19 pandemic.

      g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 15, 2020 to October 27, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the

basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: September 8, 2020

Respectfully submitted,

MCGREGOR W. SCOTT
United States Attorney

*/s/ Amy Hitchcock*
AMY HITCHCOCK
Assistant United States Attorney

Dated: September 8, 2020

/s/ *Candice L. Fields*
CANDICE L. FIELDS
Attorney for Defendant
ROBERT JOSEPH MAHER

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 9th day of September, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
United States District Court Judge