McGREGOR W. SCOTT
United States Attorney
ROBERT J. ARTUZ
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>ROBERT JOSEPH MAHER,<br><br>      Defendant. | CASE NO. 2:18-CR-0058-JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: January 26, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

This case was previously set for a status conference on January 26, 2021. The government and Defendant ROBERT JOSEPH MAHER, by and through his counsel of record Candice Fields, (the "parties") now seek to continue the status conference to March 2, 2021, and exclude time under the Speedy Trial Act and Local Code T4 for defense preparation.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the Request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). Id. at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which Zedner emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the Judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

1  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

2  justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date

3  for the status. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

4  continuance must be "specifically limited in time").

## STIPULATION

6      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

7  through defendant's counsel of record, hereby stipulate as follows:

8      1.      By previous order, this matter was set for status on January 26, 2021.

9      2.      By this stipulation, the defendant now moves to continue the status conference to March

10  2, 2021, and exclude time between January 26, 2021, and March 2, 2021, under 18 U.S.C.

11  § 3161(h)(7)(A), B(iv) [Local Code T4].

12      3.      The parties agree and stipulate, and request that the Court find the following:

13          a)      The government has represented that the discovery associated with this case

14  includes approximately 141,000 pages of police reports, search warrant returns, subpoena

15  returns, photographs, EDD records, bank/financial records, audio recordings, and other records.

16  All of this discovery has been either produced directly to counsel and/or made available for

17  inspection and copying. This discovery is subject to a protective order (ECF 46) which affects

18  the manner, and therefore speed, in which defense counsel is able to review this lengthy

19  discovery with her client.

20          b)      Counsel for defendant desires additional time to review the current charges,

21  review the voluminous discovery, conduct research and investigation into the charges and

22  alleged acts, consult with her client, and otherwise prepare for trial.

23          c)      At this time, the defendant has no objection to the Court's continuance of the

24  status conference to March 2, 2021, and agrees that such a continuance is necessary for effective

25  preparation as outlined below.

26          d)      Counsel for defendant believes that the Court's continuance will provide them

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    reasonable time necessary for effective preparation, taking into account the exercise of due

2    diligence.

3        e)      The government does not object to the continuance.

4        f)      In addition to the public health concerns cited by the General Orders and

5    declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

6    ends-of-justice delay is particularly apt in this case because defendant's counsel has relayed that

7    she has been delayed in consulting with defendant due to the COVID-19 pandemic and visitation

8    restrictions at the jail where the defendant is detained. Additionally, counsel's ability to review

9    discovery pursuant to the protective order and confer with her client has been affected by recent

10   public health safety measures which limit personal contact with others. Additionally, defense

11   counsel's ability to conduct the necessary investigation and research into loss calculation and

12   other issues in preparation for trial has been affected by the public health safety measures and

13   entity closures instituted in recent months in response to the COVID-19 pandemic. Finally, these

14   challenges have recently been exacerbated because the defendant recently tested positive for

15   COVID-19 and has been in quarantine at the jail.

16       g)      Based on the above-stated findings, the ends of justice served by continuing the

17   case as requested outweigh the interest of the public and the defendant in a trial within the

18   original date prescribed by the Speedy Trial Act.

19       h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

20   et seq., within which trial must commence, the time period of September 24, 2020, to March 2,

21   2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

22   T4] because it results from a continuance granted by the Court at defendant's request on the basis

23   of the Court's finding that the ends of justice served by taking such action outweigh the best

24   interest of the public and the defendants in a speedy trial.

25   / / /

26   / / /

27   / / /

28   / / /

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  January 21, 2021                                    McGREGOR W. SCOTT
                                                           United States Attorney

                                                           /s/ ROBERT J. ARTUZ
                                                           ROBERT J. ARTUZ
                                                           Special Assistant U.S. Attorney


Dated:  January 21, 2021                                    /s/ CANDICE FIELDS
                                                           CANDICE FIELDS
                                                           Assistant Federal Defender
                                                           Counsel for Defendant
                                                           ROBERT JOSEPH MAHER


## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 21st day of January, 2021.


                                                           /s/ John A. Mendez
                                                           THE HONORABLE JOHN A. MENDEZ
                                                           UNITED STATES DISTRICT COURT JUDGE